# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JASON L. KELLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-00214-RWS |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Jason Kelly's Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2). Upon consideration of the financial information provided therein, the Court finds that Plaintiff is able to pay the filing fee. The Court will therefore deny the application and order Plaintiff to pay the statutory filing fee of $405 within thirty (30) days of the date of this Order. If Plaintiff fails to do so, the Court will dismiss this case without prejudice.

"According to 28 U.S.C. § 1915, this Court may authorize commencement of a suit without prepayment of fees by a person who, in good faith, files an affidavit stating that he or she is unable to pay the costs of the lawsuit." *Andrews v. Nicholson*, 2005 WL 2403449, at *1 (W.D. Mo. Sept. 28, 2005) (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). The Court follows a two-step process in considering whether the applicant should be permitted to proceed in forma pauperis. *Id.* First, the Court must determine whether the applicant qualifies by economic status. *Id.* Second, the court must determine whether under § 1915(e) the action or appeal is frivolous or malicious, fails to

state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"The opportunity to proceed in forma pauperis is a privilege rather than a right, and should not be used to abuse the Court's process." *Broulette v. Spencer*, 2005 WL 1009577, *1 (W.D. Mo. Apr. 20, 2005) (citing *Williams v. McKenzie,* 834 F.2d 152, 154 (8th Cir. 1987)). "In considering a request to proceed in forma pauperis, the court will compare an applicant's monthly income and cash on hand to her monthly expenses and financial obligations." *Bey v. Kelly*, 2021 WL 4713416, at *1 (D. Kan. Sept. 8, 2021). Determining whether an applicant is sufficiently impoverished to qualify under § 1915 rests within the sound discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983), *cert. denied*, 466 U.S. 980 (1984). A showing that the applicant would be forced to give up the basic necessities of life if he paid the costs is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

Plaintiff declares in his application that he receives $900 in gross wages per week and $700 in take-home wages per week. He states that he has $1,500 "in cash or in a checking or savings account." Plaintiff identifies several regular monthly expenses, including $1,040 for rent, $350 for health insurance, and $550 in self-funded retirement contributions. He also discloses an account with $49,000 in "cash and CDs" and nearly $200,000 in retirement accounts.

Plaintiff's expenses do not outweigh his available funds. According to Plaintiff, he receives $2,800 in take-home wages per month and has access to an account with nearly $50,000 in "cash and CDs." There is no indication that Plaintiff would be forced to give up the necessities of life if he paid the costs of this lawsuit. Thus, the Court will deny Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay the statutory filing fee of $405 **within thirty (30) days** of the date of this Order.

Plaintiff's failure to timely comply with this order will result in the dismissal of this case without prejudice and without further notice.

                                                     RODNEY W. SIPPEL
                                                     UNITED STATES DISTRICT JUDGE

Dated this 19th day of July, 2024.