UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON L. KELLY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24 CV 214 RWS |
| MARTIN O'MALLEY,<br>Commissioner of Social Security, | ) |
| Defendant, | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Jason L. Kelly's complaint asserts that he was subjected to employment discrimination by the Social Security Administration (the "SSA") when his application for a claims representative position was not considered by the agency. Kelly claims the SSA's actions violated his rights under Title VII of the Civil Rights Act (Title VII), 42 U.S.C. §§ 2000e, et seq (Title VII); the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621, et seq.; and the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12101, et seq.; and under "42 U.S.C. Chapter 21: Civil Rights." The SSA filed a motion to dismiss. For the reasons that follow I will grant the motion to dismiss.

### *Background*

According to his complaint, Plaintiff Jason Kelly was hired by the SSA

under its Pathways Recent Graduates Program on September 22, 2010. Kelly was hired as a claims specialist. Kelly alleges that in 2012, he informed management that he had an anxiety disorder for which he took medication and that certain environmental factors can heighten his anxiety. In 2015 and 2016 Kelly expressed his interest in being promoted to a management position. He was told by one supervisor that he would not be a good manager and that he needed to concentrate on doing his current job. Kelly alleges that a supervisor and other co-workers would purposely conduct business operations in a manner that was stressful to Kelly. In September 2017, Kelly felt so stressed one day he had to leave work to go home and informed a "higher level employee" that he was leaving the office. The following day he told his supervisor why he went home the day before. A week later, on October 5, 2017, Kelly's supervisor told Kelly that he was going to be suspended for two weeks without pay for going home sick. Kelly states that he "got upset" with the supervisor. The supervisor then withdrew the suspension and fired Kelly. Kelly appealed the decision to the Office Manager who upheld the decision to terminate Kelly's employment. Kelly believes that his termination was in violation of his disability rights and the Family Medical Leave Act. Kelly states that in 2017 he contacted an attorney about appealing his termination but decided not to do

so.

In June 2022, Kelly applied for another Pathways Recent Graduate Program claims specialist job posted by the SSA which was the same job he held when he was terminated. His application was given the status of "no consideration." When he inquired about that designation he was told by the SSA that his application was denied because he was not a recent graduate (within two years) and that is why his application was turned down. Kelly asserts that this is age discrimination. He also asserts that when he was originally hired he had been a graduate for more than two years (unspecified how long he had been a graduate). He alleges that the real reason he was not hired was based on his age and his "anxiety disorder disability condition."

On September 22, 2022, Kelly filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). He asserted a claims based on disability and age discrimination for: (1) not considered for the claims specialist position because he was not a recent graduate and (2) based on his termination on October 5, 2017. On November 2, 2023, the EEOC issued Kelly a right to sue letter for his failure to hire claim but rejected his 2017 termination claim as untimely. On December 7, 2023, the EEOC issued a decision on Kelly's request for reconsideration [ECF # 1-1]. The decision

notes that Kelly's claim for a failure to hire was accepted for review but his claim for his 2017 termination was rejected for "untimely EEO Counselor contact." The decision also noted that Kelly failed to appeal the dismissal of his 2017 termination claim with the EEOC . The EEOC issued a decision as to Kelly's failure to hire claim finding that "no discrimination was established" and issued Kelly a right to sue letter for his failure to hire claim.

On February 10, 2024, Kelly filed the present complaint. He alleges that he was not rehired based on his age and disability under the ADEA and ADA respectively. He also asserted claims under Title VII and "42 U.S.C. Chapter 21: Civil Rights" but does not assert any protected status in support of those claims. In the complaint filed on the Court's employment discrimination complaint form, Kelly checked the following Nature of the Case section boxes: failure to hire; termination of employment; failure to promote; failure to accommodate my disability; terms and conditions of employment differ from similar employees; retaliation; and harassment. In the Nature of the Discrimination section of the form Kelly checked disability and age (birth year 1982).

Defendant the SSA filed a motion to dismiss asserting that Kelly's complaint fails to assert claims for which relief can be granted. Kelly opposes

4

the motion.

*Legal Standard*

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formalistic recitation of elements of a cause of action will not do." Id. (internal quotations omitted). To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.

*Discussion*

I initially note that Kelly's claims regarding any alleged discrimination up to and including his termination in 2017 are not cognizable. To bring a claim under Title VII, the ADEA, or the ADA a plaintiff must first exhaust his administrative remedies by filing a timely charge of discrimination with the Equal Opportunity Employment Commission. See Parisi v. Boeing Co., 400 F.3d 583, 585 (8th Cir. 2005)(ADEA); Shannon v. Ford Motor Co., 72 F.3d

5

678, 684 (8th Cir. 1996)(Title VII); and Kale v. Aero Simulation, Inc., 139 F.4th 684, 689 (8th Cir. 2025)(ADA).  Kelly's failure to timely exhaust his administrative remedies for these claims is explicitly noted in his complaint. He alleges that he purposely elected not to pursue any claims related to his employment in and before 2017 and, instead, he sought other employment. Attached to his complaint is a decision from the EEOC appeals panel noting that on November 2, 2023, the EEOC rejected any claims up through 2017 as untimely.  Kelly may include these claims as background in his complaint but cannot pursue these claims in his lawsuit filed on February 10, 2024, more than six years after his termination on October 5, 2017.

Kelly asserts three discrimination claims in his complaint under Title VII, the ADEA, and the ADA related to his failure to hire claim in arising in June 2022.[1]

*Title VII Claim*

"Title VII prohibits employers from discriminating against employees on the basis of race, color, religion, sex, or national origin.  "Under our Title VII precedents, a plaintiff may make out a prima facie case of disparate treatment by

---

[1] Kelly also asserted a claim under "42 U.S.C. Chapter 21: Civil Rights" but does not state what section of Chapter 21, besides his Title VII claim, he is asserting a claim nor does he assert any facts related to this unspecified claim.  As a result, Kelly has failed to state a claim under "42 U.S.C. Chapter 21: Civil Rights."

6

showing that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination." Ames v. Ohio Dep't of Youth Servs., 605 U.S. 303, 305 (2025) (internal quotation and citation omitted).

Kelly's complaint does not assert that the SSA's alleged discrimination was based Kelly's race, color, religion, sex, or national origin. Those are the only protected bases for a claim under Title VII. Kelly alleges in his complaint that he was subjected to discrimination based on his age and disability. Those grounds are not covered by Title VII. They are grounds for relief under the ADEA and ADA respectfully. As a result, I will grant the SSA's motion to dismiss Kelly's Title VII claim.

*ADEA claim*

"The ADEA prohibits a covered employer from failing or refusing to hire an individual who is at least forty years old because of the individual's age." Lee v. Rheem Mfg. Co., 432 F.3d 849, 852 (8th Cir.2005) (citing 29 U.S.C. §§ 623(a)(1), 631(a)). "In a failure-to-hire case, the prima facie case of age discrimination consists of four elements: (1) the plaintiff was in the protected age group (age 40 and over), (2) the plaintiff was otherwise qualified for the position, (3) the plaintiff was not hired, and (4) the employer hired a younger

7

person to fill the position." Christensen v. Titan Distribution, Inc., 481 F.3d 1085, 1095 (8th Cir. 2007) (internal quotation and citation omitted). The Eighth Circuit has noted that the last prong is "established by demonstrating the plaintiff was replaced by a substantially younger individual." Anderson v. Durham D & M, L.L.C., 606 F.3d 513, 523 (8th Cir. 2010).[2]

Kelly's complaint fails to state a claim under the ADEA for two reasons. First his allegation that he was not considered for employment under the SSA's Pathways Recent Graduates Program does not establish discrimination based on age. Although recent graduates tend to be younger, a recent graduate may also be a person who is Kelly's age or older. The operative standard is an applicant's recent graduate status, not their age. "Generally, employment decisions motivated by factors other than age (such as retirement eligibility, salary, or seniority), even when such factors correlate with age, do not constitute age discrimination." Hilde v. City of Eveleth, 777 F.3d 998, 1006 (8th Cir. 2015) (internal quotation and citation omitted). The fact that a company recruits recent college graduates is not evidence that the company discriminates against older workers. Grossmann v. Dillard Dep't Stores, Inc.,

---

[2] Kelly does not state his age in the complaint. He indicates that he was born in 1982. He asserts that the SSA rejected his application in June 2022. Kelly would have reached the age of 40 (the protected status age under the ADEA) if his birth month was between January and the date of the SSA's decision in June 2022. If Kelly's birthday is after that date he would not be a protected person under the ADEA. For the purposes of the present motion to dismiss, I assume without deciding that Kelly was 40 years old at the time of the adverse employment decision.

8

109 F.3d 457, 459 (8th Cir. 1997).

Second, Kelly does not allege in his complaint that the SSA hired a substantially younger person for the position he sought.  As a result, he fails to assert sufficient facts to establish a prima facie case of age discrimination.

Moreover, the ADEA does not authorize a mixed-motive discrimination claim.  Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 175 (2009).  "To establish a disparate-treatment claim under the plain language of the ADEA, therefore, a plaintiff must prove that age was the "but-for" cause of the employer's adverse decision."  Id. at 176.  Kelly alleges in his complaint that age discrimination and disability discrimination were the reasons his job application was given a no consideration status.  He does not plead age discrimination as a stand-alone claim and allege, in the alternative, a separate disability claim.  He asserts the SSA committed both age and disability discrimination jointly as the basis for his application to be rejected.  Even if Kelly had alleged his age discrimination claim as a stand-alone claim it would fail for the reasons stated above.  As a result of the foregoing, Kelly fails to state a claim under the ADEA.

*ADA claim*

To establish a prima facie case of discrimination under the ADA a plaintiff must prove that he has an ADA qualifying disability; that he is

9

qualified to perform the essential functions of the position sought, with or without a reasonable accommodation; and that he was not hired due to his disability. E.E.O.C. v. Wal-Mart Stores, Inc., 477 F.3d 561, 568 (8th Cir. 2007).

However, the ADA does not apply to the federal government. The ADA states that the term "employer," as used throughout the statute, does not include the United States. 42 U.S.C. § 12111(5)(B)(i). The ADA does not provide for a cause of action for employment discrimination against the federal government. Carroll v. Potter, 163 F. App'x 450 (8th Cir. 2006). As a result, I will grant the SSA's motion to dismiss Kelly's ADA claim.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Martin O'Malley's motion to dismiss Plaintiff Jason L. Kelly's complaint [19] is **GRANTED**.

**IT IS FURTHER ORDERED that** Plaintiff Jason L. Kelly's request and motion for reinstatement of employment [28] is **DENIED**.

**IT IS FURTHER ORDERED that** the Clerk of Court shall substitute Martin O'Malley, the current Commissioner of the Social Security Administration, as the Defendant in this matter.

                                                          /s/ Rodney W. Sippel
                                                          RODNEY W. SIPPEL
                                                          UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2025.