UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON L. KELLY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24 CV 214 RWS |
| FRANK J. BISIGNANO, Commissioner of Social Security, | ) |
| Defendant, | ) |

## **MEMORANDUM AND ORDER**

On September 25, 2025, I issued and order and judgment dismissing Plaintiff Jason L. Kelly's complaint. On October 6, 2025, Kelly filed a motion under Fed. R. Civ. P. 59(e) to alter or amend the judgment.

Rule 59(e) motions serve a "limited function of correcting manifest errors of law or fact or to present newly discovered evidence." Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) (cleaned up). Rule 59(e) motions "cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. Rule 59(e) is not a vehicle to repeat arguments previously made to and rejected by the Court. Voss v. Hous. Auth. of the City of Magnolia, 917 F.3d 618, 626 n.6 (8th Cir. 2019)).

In his motion, Kelly seeks to relitigate the dismissal of his claims related to the termination of his employment with the Social Security Administration (the "SSA"). Kelly's employment was terminated in 2017. He did not file a charge with the Equal Employment Opportunity Commission regarding his termination until 2022. I dismissed any claims related to Kelly's termination based on his failure to timely administratively exhaust these claims. Kelly's motion to reconsider asserts that there were mistakes or omissions of fact in my order concerning his 2017 termination. My order did not contain any mistake of a material fact. Moreover, any alleged mistake of fact was not material because Kelly's claims regarding his 2017 termination was dismissed for failing to timely administratively exhaust these claims.

Kelly also asserts that my dismissal order failed to address his "motion" filed on July 29, 2025, to join a new unrelated claim to the present lawsuit. By dismissing the complaint my order implicitly denied any other pending motions. However, to be explicit, I will hereby deny Kelly's motion to join a claim from his EEOC Appeal No. 2024005047.

The document Kelly filed on July 29, 2025, was entitled "*Plaintiff's additional Supplemental Complaint in response to the EEOC Appellate Decision No. 2025001564 regarding EEOC appeal No. 2024005047 and*

2

*Continued Objections to Defendants Motion to Dismiss*." In that document Kelly asserted that he wanted to add an additional claim to his original complaint. The new claim concerned an interaction he had with an SSA human resources employee. Kelly asserts that on October 18, 2023, he was contacted by Howard Allen with Social Security human resources through a University of Missouri – St. Louis alumni platform called Handshake. Kelly alleges that Allen asked Kelly if he was interested in a job with SSA and supplied a link to the application process and Kelly filled out an application. Kelly asserts that he did not hear from SSA about his application for several months. Allen then contacted Kelly and stated that the Handshake activity was just "an interest and data collection effort." ECF No. 27 at 5. Kelly asserts that the process was about a "fake job" and that it was "a very hurtful message to send and gave false hope and wasted plaintiffs' time that could have been used to apply for a job that exists and was being hired for." Id. Kelly conclusively alleges that this interaction "continues a pattern of discrimination, harassment, and unfair and illegal treatment under 42 U.S.C. § 2000e-16b." Kelly does not identify any specific basis of discrimination as for this claim (race, color, religion, etc.). Nor does he assert any facts that would support a claim of employment discrimination from this interaction. The only

3

document in support of this new claim was a letter from the EEOC titled a "Decision on Request for Reconsideration" in Appeal No. 2024005047. ECF No. 27 at 2-3. The decision simply states that Kelly's request for reconsideration was denied. Kelly's proposed supplemental claim fails to state a claim of discrimination related to his EEOC appeal. As a result, his request to "supplement" his case by adding this claim is denied.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff Jason L. Kelly's motions to alter or amend judgment [31 and 33] are **DENIED**.

**IT IS FURTHER ORDERED that** the Clerk of Court shall substitute Frank J. Bisignano, the current Commissioner of the Social Security Administration, as the Defendant in this matter.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 30th day of October, 2025.